**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEWIS A. HICKS, | DOCKET NUMBER |
| Appellant, | AT-0752-13-7338-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: January 2, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lewis A. Hicks, Americus, Georgia, pro se.

Denise Gillis, Quantico, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The agency has filed a petition for review of the initial decision, which reversed the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, which addresses matters relating to interim relief and new evidence submitted by the appellant on review that supports the administrative judge's findings, we AFFIRM the initial decision.

¶2 The agency removed the appellant from his Engineer Technician position based on a charge of "Criminal Charge," with a specification that the appellant pled guilty to four counts of Electronic Child Exploitation. Initial Appeal File (IAF), Tab 4 at 19, 27. The agency alleged that the appellant was sentenced due to his guilty plea to 10 years of probation, and that, as a first-time offender, the appellant was required to report to a probation officer, register as a sex offender, and adhere to numerous conditions of probation. *Id*. at 27-28. On appeal to the Board, the appellant asserted that the action was based on harmful error and that the agency did not prove a nexus between the off-duty misconduct and the efficiency of the service. IAF, Tab 1 at 5.

¶3 Based on the written record, because the appellant did not request a hearing, IAF, Tab 1 at 2, the administrative judge reversed the removal action, *id*., Tab 13, Initial Decision (ID) at 1, 11. The administrative judge found that the agency proved its charge because it proved that the appellant was charged with and pled guilty to a criminal charge under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), which allows a criminal defendant to consent to the imposition of a

sentence without admitting that he committed the acts constituting the crime, in order to obtain first offender treatment under Georgia law. ID at 3. The administrative judge found, however, that the agency did not prove a nexus between the misconduct and the efficiency of the federal service. ID at 3-11. The administrative judge held that no rebuttable presumption of nexus should be applied because the agency presented no evidence of the underlying facts and circumstances of the charge, including no affidavits, declarations, or police reports showing the factual basis for the appellant's guilty plea, such that a determination could be made as to whether the misconduct involved "egregious" circumstances. ID at 4-5. He also found that the appellant's behavior did not rise to the same level as cases where a rebuttable presumption of nexus had been applied because the Georgia Superior Court afforded the appellant first offender treatment, which by state statute does not apply to such offenses as sexual exploitation of a minor, electronically furnishing obscene material to a minor, and computer pornography and child exploitation. ID at 5-7. The administrative judge noted that, as reflected in a transcript, the Georgia Superior Court judge did not view the appellant's criminal offense as a serious infraction. ID at 7.

¶4 The administrative judge further found that the agency did not otherwise prove a nexus between the misconduct and the efficiency of the service by showing that the misconduct adversely affected the appellant's or his coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or by presenting preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. ID at 7-11. The administrative judge found that Department of the Navy OPNAV (Office of the Chief of Naval Operations) Instruction 1752.3 did not require an absolute bar on all sex offender access to Navy installations but instead required such a bar only to the maximum extent permitted by law and allowed for waiver of the bar by competent authority. ID at 8. He also noted that the appellant's conditions of probation had been relaxed to permit him to be in the presence of minors provided

a third party was present and that the agency's legitimate interest in keeping the appellant away from family housing areas or places on the installation where children might congregate could be satisfied by issuance of a limited bar letter precluding the appellant from doing anything and going anywhere other than directly to and from his place of duty for work. ID at 9. Finally, the administrative judge found that, although the deciding official indicated that he would find it difficult to trust a registered sex offender, this did not mean that the deciding official would be unable to trust the appellant in particular to accomplish his assigned tasks, and the appellant had been performing his work satisfactorily for years. ID at 9. The administrative judge ordered the agency to provide interim relief if a petition for review was filed. ID at 12.

¶5        On petition for review,[2] the agency merely asserts that "[d]ue to the nature of Appellant's misconduct, along with the requirement that he register as a sex offender, the presumption of nexus should stand in this case." Petition for Review (PFR) File, Tab 1 at 10. It also contends that, if a rebuttable presumption of nexus does not apply in this case, the agency has established a nexus between the misconduct and the efficiency of the service because of the OPNAV Instruction and the deciding official's statement, in his review of the penalty factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), that he "would find it difficult to trust a registered sex offender." *Id*. at 10-11; *see* IAF, Tab 10 at 18.

---

[2] The agency filed its petition for review on January 22, 2014, 1 day after the January 21, 2014 deadline. Petition for Review File, Tab 1 at 1; ID at 13. Because the federal government in Washington, D.C., was closed on January 21, 2014, *see* http://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/status-archives/14/1/21/Federal-Offices-are-Closed---Emergency-and-Telework-ready-Employees-Must-Follow-Their-Agencys-Policies_577/, we find that the agency timely filed its petition for review, *see Slaughter v. Department of Agriculture*, 56 M.S.P.R. 349, 351 n.2 (1993), *overruled on other grounds by Stabile v. Department of Defense*, 85 M.S.P.R. 253 (2000); *cf.* 5 C.F.R. § 1201.23 (if the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or federal holiday, the filing period will include the first workday after that date).

<u>The agency has complied with the administrative judge's interim relief order.</u>

¶6    The agency submitted a certification of compliance with the interim relief order, asserting that the appellant had been placed back on the agency's rolls in a paid leave status because his return or presence would be unduly disruptive to the work environment, and that "[b]ackpay determinations are currently being made . . . and will be paid to Appellant shortly."  PFR File, Tab 1 at 13.  However, the appellant asserted in his response to the petition for review that the agency provided interim relief by placing him on administrative leave with pay as of January 15, 2014, rather than as of the December 17, 2013 date of the initial decision.  *Id*., Tab 2 at 4.  The Office of the Clerk of the Board issued an Order to Show Cause on Interim Relief requiring the agency to submit evidence responding to the appellant's assertions.  *Id*., Tab 6 at 2.  In its response, the agency contends that the appellant has received "all backpay and benefits to which he is entitled."  *Id*., Tab 8 at 4.  The appellant does not dispute this account, asserting that "[a]ll backpay has been received."  *Id*., Tab 9 at 4.

¶7    Interim relief provisions do not require the agency to grant the appellant back pay or other benefits to make him whole at the interim relief stage of the proceedings.  *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 6 n.2 (2012).  Rather, the agency is only required to give the appellant an interim appointment with pay and benefits effective as of the date of the initial decision.  *See Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 8 n.3 (2004), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).  Because it appears that the agency has actually exceeded the requirements of the interim relief order by awarding the appellant back pay, we find that it has complied with the interim relief order and that there is no basis for dismissing the agency's petition for review.  *See Lavette v. U.S. Postal Service*, 96 M.S.P.R. 239, ¶¶ 14-15 (2004).

The appellant's new evidence supports the initial decision in this case.

¶8      After the close of the record on review the appellant filed a motion for leave to submit new evidence. PFR File, Tab 4 at 4. The Office of the Clerk of the Board granted the request. *Id*., Tab 6. The appellant thereafter submitted an April 17, 2014 "Order Terminating Probation" from the Superior Court of Barrow County, Georgia, finding that the appellant had successfully met all conditions of probation and that the probation was terminated effective April 17, 2014. *Id*., Tab 7 at 7. He also submitted an April 24, 2014 "Order of Discharge" from the same court finding that, in accordance with the Georgia Probation of First Offenders Act, the appellant was charged without court adjudication of guilt, the discharge "shall completely exonerate" the appellant of any criminal purpose, the discharge shall not affect any of his civil rights or liberties, he shall not be considered to have a criminal conviction, and the discharge may not be used to disqualify him in any application for employment or appointment to office in either the public or private sector. *Id*. at 8. The "Order of Discharge" further ordered and directed that the Georgia Crime Information Center be notified of the discharge, *id*., and the appellant asserted that he has been removed from the Georgia Sex Offender Registry, *id*. at 4; *see* IAF, Tab 7 at 4-8 (transcript of the disposition of the Superior Court of Barrow County, Georgia, in which the prosecutor and the judge agreed that the appellant would be required to register as a sex offender only for the term of his probation).

¶9      Under OPNAV Instruction 1752.3, the agency's policy is that, "[t]o the maximum extent permitted by law, unless waived by competent authority, sex offenders are to be identified and prohibited from accessing Navy facilities." IAF, Tab 10 at 12. OPNAV Instruction 1752.3 defines a sex offender as "a person convicted of a criminal offense per guidelines in reference (c) [relating to Department of Justice, Office of Attorney General, National Guidelines for Sex Offender Registration and Notification] and all persons who are required to be registered as sex offenders according to this same reference." *Id*. at 12-13.

Although afforded an opportunity to do so, PFR File, Tab 6 at 3, the agency has not addressed on review the new evidence submitted by the appellant, *see* PFR File, Tab 8 at 4-7. Thus, it appears that the criteria for prohibiting the appellant from accessing Navy facilities may no longer be present in this case. The administrative judge's finding that OPNAV Instruction 1752.3 was not an absolute bar on access to Navy installations therefore appears to be correct, at least as far as it applies to the appellant's situation in this case.

The agency's petition for review does not meet the criteria for review.

¶10    A petition for review states a party's objections to the initial decision and must be supported by references to applicable laws or regulations and by specific references to the record. 5 C.F.R. § 1201.114(b). Here, the agency's petition for review merely reiterates in a conclusory fashion contentions raised below without addressing the detailed rationale set forth by the administrative judge for rejecting those contentions and reversing the removal action. The agency's bare allegation that a rebuttable presumption of nexus should be applied in this case and that the deciding official did not have trust and confidence in a registered sex offender does not establish error in the initial decision, especially in light of the new evidence submitted by the appellant on review suggesting that he is no longer a registered sex offender. Accordingly, the agency has not established a basis for granting its petition for review, *see* 5 C.F.R. § 1201.115, and we otherwise discern no reason to disturb the initial decision in this case.

**ORDER**

¶11    We ORDER the agency to cancel the appellant's removal and to restore the appellant effective July 31, 2013.[3] *See Kerr v. National Endowment for the Arts*,

---

[3] The December 17, 2013 initial decision incorrectly ordered the agency to restore the appellant effective December 13, 2013. ID at 11. The administrative judge subsequently issued an erratum decision that correctly ordered the agency to restore the appellant effective July 31, 2013. IAF, Tab 14; *see* IAF, Tab 11 at 5.

726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc., with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.